EVA ROBERTS v. CLARISSA SAWYER DAVIS AND
FRED ALLEN DAVIS

No. 721SC459

(Filed 12 July 1972)

Damages § 11; Negligence § 7— willful or wanton negligence — insufficiency of evidence

In this action to recover for injuries received by plaintiff when she was allegedly dragged beside defendants' truck while trying to persuade a passenger of the truck to get out and ride with her, the evidence was insufficient to support a finding that plaintiff was injured by the willful and wanton conduct of defendant driver, and the trial court, therefore, properly refused to submit an issue of punitive damages.

APPEAL by plaintiff from *Tillery, Judge,* 31 January 1972 Session of Superior Court held in CURRITUCK County.

Plaintiff instituted this action to recover for injuries sustained by her as she was being dragged beside a truck owned by defendant Clarissa Davis and being operated by defendant Fred Davis. Plaintiff's evidence was substantially to the effect

Roberts v. Davis

that one Frankie Lee was seated in the truck and that plaintiff was trying to persuade him to get out of the truck and ride with her. The truck motor was running. Suddenly the truck jerked forward and threw her against the door. Plaintiff grabbed for something and couldn't get loose. The truck did not move fast nor did it just creep along, but plaintiff was unable to get up until the truck stopped after travelling some five hundred feet. She sustained serious and painful injuries including cuts and abrasions to her knees, feet and ankles.

Defendant's evidence was substantially to the effect that when passenger Lee refused to get out of the truck, plaintiff grabbed his arm and tried to pull him out. Defendant driver told plaintiff to release Lee which she refused to do. The truck then started forward very slowly so that plaintiff would have to walk and release Lee, but she continued to hold Lee with both hands. The truck door stayed open the entire time. After about four car lengths, the driver stopped the truck and again told plaintiff to release the passenger. Plaintiff just cursed and told Lee to come and go with her. Driver started off again at about the same speed and, after a short distance, plaintiff fell, whereupon the truck immediately stopped.

The trial judge refused to submit issues as to punitive damages. Issues of negligence and contributory negligence were answered in the affirmative. Plaintiff appealed.

*John T. Chaffin for plaintiff appellant.*

*Leroy, Wells, Shaw, Hornthal & Riley by Dewey W. Wells for defendant appellees.*

VAUGHN, Judge.

The evidence, taken in the light most favorable to the plaintiff, is insufficient to support a finding that plaintiff was injured by the willful and wanton conduct of defendants. The trial judge, therefore, properly declined to submit issues as to punitive damages.

We have carefully considered plaintiff's other assignments of error. The evidence was conflicting. The jury rejected plain-

tiff's version of the accident in a trial which we hold to have been free of prejudicial error.

No error.

Judges PARKER and GRAHAM concur.